# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIDGETTE L. WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE No. 10-CV-326-FHM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Bridgette L. Wilkes, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's July 30, 2007 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held April 30, 2009. By decision dated June 2, 2009, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on March 23, 2010. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 43 years old at the time of the hearing. [R. 27]. When Plaintiff filed her claims for benefits on July 40, 2007, she alleged her disability was caused by asthma. [R. 144]. During the hearing conducted April 30, 2009, Plaintiff also claimed severe pain in her back "from the neck down" and side effects from medications affecting her vision as additional disabling impairments. [R. 30, 39, 40]. In his written decision, the ALJ determined that only Plaintiff's asthma is a severe impairment. [R. 18]. He assessed Plaintiff's residual functional capacity (RFC) for medium work activity with avoidance of high levels of dust/fumes and requiring a reasonably clean air environment. [R. 19]. Based upon the testimony of a vocational expert (VE), the ALJ found that, with this RFC, Plaintiff could return to her past relevant work as a home health aide and linen grader. [R. 20]. The ALJ also entered an alternative finding that there are other jobs available in the economy in significant numbers that Plaintiff could perform. [R.21]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 22]. The case was thus decided at step four, with an alternative step five finding, of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred: 1) in failing to properly consider all her medical evidence and the combined effects of her impairments; 2) in his analysis and credibility findings regarding her subjective complaints of pain; 3) in determining she was able to perform her past relevant work; 4) in finding she retains the RFC to perform medium work; and 5) in failing to fully and fairly develop the medical record. [Dkt. 17].

The Court has reviewed the entire record, including the evidence before the Appeals Council and finds this case must be reversed and remanded for reconsideration because the Commissioner's credibility determination is not supported by substantial evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 858- 59 (10th Cir.1994) (evidence before the Appeals Council is part of the administrative record and must be considered when evaluating the [Commissioner's] decision for substantial evidence).

## **Discussion**

Plaintiff testified at the hearing that she stays in pain "basically every day" and that the pain is in her back from the neck down [R. 30]; that the doctor told her she "could have done something" [in her back] in a car accident in 2003 though no x-rays were ever taken of her back [R. 34]; that she has a lot of difficulty lifting potatoes and a gallon of milk because of back pain; and that she has problems bending and reaching to put groceries away because of back pain. [R. 38-39]. Regarding these allegations, the ALJ stated the record contained no medical records supporting her testimony. [R. 18-19].

Before the hearing, the medical evidence in the agency's file consisted of treatment records from: Claremore Regional Hospital in June 2007; Morton Homeless Clinic in August and September 2007; and St. John's emergency room in January 2008.

3

[Transcript Index, Dkt. 14-1, p. 2]. Upon that evidence the ALJ concluded Plaintiff's allegations of severe back pain were not credible because there were no medical records supporting her allegations. [R. 18].

Plaintiff submitted additional treatment records to the agency after the hearing from Morton Comprehensive Health Services dated September 2008 through April 2009; St. John Medical Center dated September 2008 and Bewley Chiropractic Center dated May 2003 to June 2003. [*Id.*, R. 25-26]. Somehow, those records became separated from the rest of the file and, when the ALJ composed his written decision, the new evidence was not considered. The ALJ's conclusion that Plaintiff's allegations of severe back pain were not credible because there was no evidence in the medical records to support those allegations was based upon an incomplete record.

The Appeals Council, however, did have the additional records that Plaintiff submitted at the hearing and addressed them as follows:

> We considered Exhibits 6F-8F which consist of records from Morton Health Services, St. John Owasso Medical Center and Bewley Chiropractic Center. These records were submitted prior to the Administrative Law Judge's decision but not exhibited at the hearing level. The records show that you were treated with physical therapy with marked improvement for pain in the chest, neck and right arm from an auto accident in 2003; that you were treated on September 11, 2008, for shortness of breath and wheezing due to acute bronchitis and asthma with normal imaging and improvement with medication; and you were seen for follow up, lab tests and prescriptions at Morton Health Center. There is a note dated March 2, 2009, in Exhibit 6F from Mary Batiste, ARNP, which indicates that you cannot work due to asthma, hypertension and back pain for 3 months. This statement is not supported by the treatment records, indicates that limitations are temporary and it is not consistent with other medical opinions in the record.

4

[R. 1-4].

The Appeals Council did not specifically state that the 2003 Bewley chiropractic records did not support the allegations of severe mid and lower back pain that Plaintiff complained of at the hearing in 2009 because the chiropractor's medical records showed only treatment for pain in the chest, neck and right arm with significant improvement noted. [R. 2]. This failure alone might not have established grounds for reversal because Plaintiff alleged her disability began December 15, 2005, two years after the chiropractic treatment, and she did not include allegations of neck and shoulder pain as impairments that contributed to her disability.

However, the Appeals Council also failed to explain how it weighed the medical evidence in the St. John's records from 2008 regarding Plaintiff's complaints of chronic back pain and the 2008-2009 records from Morton that documented complaints of mid and lower back pain, observations of muscle spasm in the lower back and prescriptions of Flexeril and Lortab for pain.[2] [R. 257, 242-248].

Because the Appeals Council found that the additional records did not provide a basis for changing the ALJ's decision without discussing how this evidence was reconciled with the ALJ's declaration that the medical record contained no evidence supporting Plaintiff's alleged back pain, this case must be reversed and remanded for reconsideration. *See Angel v. Barnhart*, 329 F.3d 1208, 1213 (10th Cir. 2003) (in the

---

[2] Flexeril is a muscle relaxant and is indicated as an adjunct to rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions. *Physician's Desk Reference*, 51st ed. (1997) 1592, 1701. Lortab (hydrocodone bitartrate and acetaminophen) is a semisynthetic narcotic analgesic and antititussive indicated for relief of moderate to moderately severe pain. *Physicians' Desk Reference* (PDR) 53rd ed. 3162.

absence of a thorough analysis and specific findings in the decision, court cannot determine that substantial evidence supports the determination of the ALJ).

## Conclusion

Credibility determinations "must be grounded in the evidence and articulated in the determination or decision." Soc.Sec.Ruling (SSR) 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted).). In this case, the ALJ's credibility determination was based upon what he perceived to be a lack of medical evidence in the record to support Plaintiff's complaints of severe back pain. [R. 18]. The Appeals Council then considered records that contained evidence tending to support Plaintiff's allegations but did not discuss the various factors suggested by case law and SSR 96-7p, 1996 WL 374186 (July 2, 1996) (factors to be considered by the ALJ in assessing credibility include extensiveness of attempts, medical or non-medical, to obtain relief and frequency of medical contacts). This failure was error. *See Hardman v. Barnhart*, 362 F.3d 676, 680 (10th Cir. 2004).

Therefore, the Court cannot say that the record contains substantial evidence to support the determination of the Commissioner that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff is not disabled is REVERSED and REMANDED for reconsideration.

SO ORDERED this 18th day of August, 2011.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6